CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
NOV 17 2006
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 3:03CR00056 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DONTE ROLANDO HARRIS | ) | By: Hon. Norman K. Moon |
| | ) | United States District Judge |

On June 28, 2004, the defendant, Donte Rolando Harris, pled guilty to the charge of conspiring to escape from federal custody. He was subsequently sentenced to a term of imprisonment of twenty-seven months. Harris has now filed a motion to withdraw his guilty plea. For the following reasons, the motion must be denied.

Rule 11(e) of the Federal Rules of Criminal Procedure expressly states that "[a]fter the court imposes sentence, the defendant may not withdraw a plea of guilty." Thus, because Harris was sentenced more than two years ago, his guilty plea may not be withdrawn. Instead, it "may be set aside only on direct appeal or collateral attack." Fed. R. Crim. P. 11(e).

A federal defendant may collaterally attack his conviction by filing a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. However, § 2255 has a one-year period of limitation. Generally, this period begins to run from the date on which the judgment of conviction becomes final. See 28 U.S.C. § 2255, ¶ 6.* In this case, Harris' judgment of

---

*Under § 2255, the one-year period of limitation begins to run on the latest of four dates: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

In his present motion, Harris does not allege facts that would support the court's reliance on subsections (2), (3), or (4). Therefore, the court will only evaluate his motion under subsection (1).

conviction was entered on September 22, 2004. His conviction became final ten days later, when his time to appeal expired. See Clay v. United States, 537 U.S. 522, 532 (2003); Fed. R. App. P. 4(b). Since Harris did not execute the instant motion until October 6, 2006, two years after his conviction became final, the motion is untimely under § 2255. Thus, the court declines to construe the motion as a § 2255 motion.

The Clerk is directed to send certified copies of this opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This 17th day of November, 2006.

_____
United States District Judge