# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:03-cr-00056 |
| v. | MEMORANDUM OPINION & ORDER |
| DONTE ROLANDO HARRIS, *Defendant.* | JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's *pro se* Motion to Modify his Sentence, seeking relief that his sentences run concurrently, Dkt. 85, and *pro se* Motion for Compassionate Release pursuant to the First Step Act and 18 U.S.C. § 3582, Dkt. 86. The Federal Public Defender was invited to file supplemental briefing and filed a notice stating that no supplemental briefing will be filed on his behalf. Dkts. 87, 90. Defendant has filed multiple *pro se* supplements to his motions. Dkts. 91, 92, 93, 95 and 96.

On September 22, 2004, following a guilty plea for conspiracy to escape federal custody in violation of 18 U.S.C. § 371(f), this Court sentenced Defendant to 27 months' imprisonment, to run consecutive to a sentence that the U.S. District Court for the District of Maryland previously imposed. In January 2004, the federal court in Maryland had sentenced Defendant to 50 years' incarceration—a sentence stipulated to by the parties—for charges to which Defendant pleaded guilty, including bank robbery, aiding and abetting, and using, carrying or brandishing a firearm in relation to a crime of violence. *Harris v. United States*, No. 16-cv-2220; No. 02-cr-381, 2020 WL 998735, at *1 (D. Md. Mar. 2, 2020). Defendant filed several subsequent post-conviction

1

motions challenging his conviction and sentence in federal court in Maryland, which that court has denied, and no certificate of appealability issued. *Id.* at *3.

Defendant recently filed a motion for compassionate release in federal court in Maryland. *See* Dkt. 278, Case No. 1:02-cr-381 (D. Md. Apr. 20, 2020). On December 30, 2020, the federal court in Maryland granted his motion in part, reducing Defendant's sentence from a total term of 50 years to 30 years' incarceration. *United States v. Harris*, No. 02-381, 2020 WL 7828771, at *1 (D. Md. Dec. 30, 2020).

In its decision, the federal court in Maryland determined that Defendant had established "extraordinary and compelling" reasons supporting a sentence reduction under 18 U.S.C. § 3582, considering his underlying health conditions (kidney disease, hypertension, prediabetes, and obesity) "are the type that have been linked to an increased risk of a more severe illness from COVID-19." *Id.* at *10. That court also noted that Defendant had tested positive for COVID-19 in December 2020, and that it was uncertain whether Defendant could contract the virus again or would suffer ongoing complications from the virus. *Id.* at *10–11.

The federal court in Maryland next considered whether a reduction in sentence was warranted and consistent with the 18 U.S.C. § 3553(a) factors. *Id.* at *11–15. That court found significant the fact that, with respect to Defendant's two brandishing convictions under 18 U.S.C. § 924(c), at the time Defendant was sentenced the sentencing judge was "statutorily required to impose seven and 25 year sentences, respectively, consecutive to the 18-year sentence he imposed for the bank robberies, for a total sentence of 50 years." *Id.* at *12. Today, by contrast, a court would be required only to impose consecutive terms of seven years each on the brandishing offenses. *Id.* The court also determined that Defendant was erroneously sentenced as a career offender. *Id.* at *13–15.

While the court concluded that Defendant "had not met the requirements for immediate compassionate release," it also noted that the First Step Act "does not constrain the Court to decide between immediate release or no reduction at all, and instead leaves the Court discretion in its evaluation of the appropriate sentence once it finds 'extraordinary and compelling reasons.'" *Id.* at *15 (citation omitted). Accordingly, the court held that a sentence of 30 years was sufficient, but not greater than necessary, to comply with the applicable § 3553(a) factors—reducing Defendant's sentence on his bank robbery charges to 16 years, to run concurrently, followed by a consecutive term of 14 years on his two § 924(c) counts. *Id.* at *16. After resentencing, the Bureau of Prisons website currently projects that Defendant will be released on May 27, 2031.[1]

Turning to his motions in this case, the Court will deny Defendant's motions to reduce his sentence. Dkt. 85, 86, 95. Defendant has not demonstrated that "extraordinary and compelling" reasons support his requested modification of the sentence that *this* Court imposed in *this* case—a 27-month consecutive sentence for conspiracy to escape federal custody, rather than a concurrent sentence, as Defendant requests. Nor has Defendant shown that the 18 U.S.C. § 3553(a) factors support the requested modification of his sentence.

A court generally may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). "The law closely guards the finality of criminal sentences against judicial change of heart." *United States v. Goodwin*, 596 F.3d 233, 235 (4th Cir. 2010) (quotes omitted). However, a statutory exception allows the court, on a defendant's motion, to reduce the term of imprisonment for "extraordinary and compelling reasons," after the defendant has asked the Bureau of Prisons and fully exhausted administrative appeals following denial of the request. *Id.*

---

[1] http://bop.gov/inmateloc/index.jsp (search for Donte Rolando Harris, last visited Feb. 2, 2021).

§ 3582(c)(1)(A)(i). As the movant, a defendant seeking relief under § 3582(c)(1)(A) has the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013); *United States v. McMillan*, No. 7:08-cr-31, 2020 WL 3213399, at *2 (W.D. Va. June 15, 2020). If a defendant has shown that extraordinary and compelling reasons support a sentence reduction, the Court must consider the applicable sentencing factors under 18 U.S.C. § 3553(a) to determine whether a reduction is appropriate. 18 U.S.C. § 3582(c)(1)(A).[2]

Defendant argues that COVID-19 presents a serious health risk to all in federal custody, and that his underlying medical conditions (kidney disease, hypertension, prediabetes, and obesity), render him particularly susceptible to acute risk to his health from COVID-19, and indeed, Defendant tested positive for COVID-19 in December. Dkt. 86 at 3–4; Dkt. 91 at 1–2; Dkt. 93 (medical records); Dkt. 95 at 1. But even accepting that as true, Defendant still has years left to serve on his principal sentence imposed by the federal court in Maryland. He is currently scheduled for release in 2031. The reasons Defendant has given for the requested modification of his sentence, *i.e.*, COVID-19 prevalence in prisons and his health risks, bear an entirely speculative relationship to his requested modification in his sentence, *i.e.*, that his 27-month sentence for conspiracy to escape federal custody be served concurrently rather than consecutively with his principal sentence. The course of the COVID-19 pandemic and the risks it will present to inmate populations and Defendant specifically in so many years' time are unknowable. In any event, Defendant's proffered reasons presently fall short of establishing "extraordinary and compelling" reasons for the requested modification of his sentence.

---

[2] Defendant appears to have satisfied the statutory requirement that he exhaust his remedies and first seek relief from the Bureau of Prisons before filing a motion for reduction of sentence in Court. Dkt. 92 at 6.

4

The Court further finds that the 18 U.S.C. § 3553(a) sentencing factors do not support the requested modification of his sentence. 18 U.S.C. § 3582(c)(1)(A). The Court considers especially significant factors to be the "nature and circumstances of the offense and the history and characteristics of the defendant," and the need to "afford adequate deterrence" to the criminal conduct at issue *Id.* §§ 3553(a)(1), (a)(2)(B). The Court finds a consecutive term of imprisonment in this case, where Defendant was convicted of conspiracy to escape from federal custody, is necessary to afford adequate deterrence to those who would attempt similar offenses and undertake to avoid facing the consequences for their underlying crimes. Were this Court to modify Defendant's sentence and make it run concurrently with his underlying offense, such a sentence would undermine rather than secure needed deterrence. The Court acknowledges Defendant's evidence showing his completion of certificates of achievement, and his statements that he has maintained employment and has engaged in no institutional violence. Dkt. 96 at 2 & Exs. Continuing such productive and positive steps while incarcerated would undoubtedly serve him well now and in the future. But they do not counterbalance this Court's assessment that the other § 3553(a) factors are only achieved with the sentence imposed: 27 months served consecutively to Defendant's principal sentence.

Defendant's other arguments fare no better, and concern challenges to his principal federal sentence that have already been or are properly considered by the federal Court in Maryland. *See, e.g.*, Dkt. 85 at 1 (seeking a reduction in his 27-month sentence in this case by arguing that, on account of "the current changing of the laws, i.e., the Fair Sentencing Act, *Mathis*, *Johnson*, *Dimaya* and many others, [his] *principal federal sentence* could well be effected by these changes") (emphasis added).

For these reasons, Defendant's Motions are **DENIED**. Dkt. 85, 86, 95.

It is so **ORDERED.**

The Clerk of the Court is hereby directed to send a certified copy of this order to all counsel of record, and to Defendant.

ENTERED this __3rd__ day of February, 2021.

*/s/ Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE